(November 14, 2006)

■ FRANCIE METH, Individually and as Executrix of BUDDY METH, Deceased, et al., Respondent, v STEVEN GORFINE, M.D., et al., Appellants, et al., Defendant. [824 NYS2d 240]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 19, 2005, which, to the extent appealed from, denied defendant Gorfine's motion for summary judgment except as to any malpractice allegedly committed by him since January 2002, and denied in its entirety defendant Sohn's

cross motion for summary judgment or, in the alternative, for a *Frye* hearing, unanimously affirmed, without costs.

In this medical malpractice action alleging, inter alia, failure to diagnose plaintiff's pelvic cancer, the individual defendants failed to meet their burden, on summary judgment, of eliminating material issues of fact for trial (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Thus, the burden never shifted to plaintiffs to submit evidentiary facts or material raising a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The IAS court properly denied a *Frye* hearing. The type of cancer and whether the diagnostic delay would have affected plaintiff's prognosis are typical oncological issues that should be presented to a jury, and do not involve the type of procedure or test contemplated for a *Frye* hearing (*see Marsh v Smyth*, 12 AD3d 307 [2004]). Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.